UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY DARNELL EZELL,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. 2:17-cv-01447-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Larry Darnell Ezell filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in failing to properly consider the medical opinion of Dr. Knapp. Had the ALJ properly considered the medical opinion evidence, the ALJ may have determined Plaintiff is disabled or included additional limitations in the residual functional capacity ("RFC") assessment.

Therefore, the ALJ's error is harmful and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Deputy Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 3, 2015, Plaintiff filed an application for DIB and SSI, alleging disability as of June 15, 2014. *See* Dkt. 8, Administrative Record ("AR") 83-84. The application was denied upon initial administrative review and reconsideration. *See* AR 135-38, 139-144. A hearing was held before ALJ Kimberly Boyce on September 26, 2016. *See* AR 35-82. On November 21, 2016, the ALJ found Plaintiff was not disabled. AR 17-34. On August 22, 2017, Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's November 21, 2016 decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) the opinions of Dr. Geordie Knapp, Psy.D., Dr. Norman Staley, M.D, Dr. John Robinson, Ph.D.; (2) the lay witness testimony of Plaintiff's mother, Clara Ezell; and (3) the RFC and step five findings. Dkt. 12.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.   Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff alleges the ALJ failed to properly consider the medical opinion evidence of Dr. Knapp, Dr. Staley and Dr. Robinson. Dkt. 12 at 6-14.

A.   <u>Dr. Knapp, examining psychologist</u>

Plaintiff first contends the ALJ failed to provide adequate reasons for giving little weight to the opinion of examining psychologist, Dr. Knapp. Dkt. 12 at 6-11. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On January 28, 2015, Dr. Knapp conducted a psychological evaluation and reviewed the 2008 psychological evaluation by Dr. Richard Washburn, Ph.D. AR 334-38 (Dr. Knapp's evaluation), 341-45 (Dr. Washburn's 2008 evaluation). Dr. Knapp diagnosed Plaintiff with "Posttraumatic Stress Disorder, chronic" (PTSD), and "Major Depressive Disorder, recurrent, severe without psychotic features." AR 335.

Dr. Knapp opined Plaintiff had a global assessment of functioning ("GAF") score of 43. AR 336. He found Plaintiff is markedly limited in his ability to understand, remember, and persist in tasks by following detailed instructions; perform routine tasks without special supervision; make simple work-related decisions; and ask simple questions or request assistance. AR 336. Dr. Knapp also opined Plaintiff is severely limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary allowances without special supervision; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. AR 336.

The ALJ stated he gave little weight to Dr. Knapp's opinion because: (1) the opinion was inconsistent with the overall record; (2) the record indicates Plaintiff changed his allegations to increase the possibility of obtaining benefits; and (3) Plaintiff's work history and testimony undermine Dr. Knapp's opinions. AR 27. Defendant only argues the ALJ's first reason for giving Dr. Knapp's opinion little weight was legally sufficient and supported by substantial evidence. *See* Dkt. 16 at 3-6.

1. *Inconsistent with overall record*

First, the ALJ found Dr. Knapp's opinion was inconsistent with the overall record. AR 27. The ALJ noted several alleged inconsistencies including examination findings before and after Dr. Knapp's evaluation and self-reports around the same time of the evaluation regarding Plaintiff's childhood trauma. AR 27. An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, the Court concludes the record does not support the alleged inconsistencies.

For example, the ALJ cites to an emergency room visit on January 22, 2015 in which Plaintiff complained of left wrist and hand numbness and pain, AR 313-15, and a follow-up office visit on January 26, 2015 reflecting the same complaints, AR 323-24. During these visits, the treatment providers noted Plaintiff made good eye contact, acted appropriately, had a normal affect, was fully oriented, and presented with normal insight and judgment. AR 315, 326. However, the significance of these visits is unclear. The treatment notes were prepared by doctors who were consulted for Plaintiff's wrist and hand pain and numbness, and none of the treatment notes reference Plaintiff's mental impairments. *See id.* The providers did not conduct a psychological evaluation or any psychological tests. *See* AR 313-17, 323-26. Therefore, this evidence shows nothing more than physicians were consulted for Plaintiff's wrist and hand pain and numbness, and not for his mental impairments. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (lack of references to mental impairments in reports prepared by doctors who were consulted for other reasons "is not probative of anything except the fact that these physicians were consulted for other matters.").

The ALJ also referred to one page of treatment notes from February 2015 noting Plaintiff's mental status examination "remained largely normal". AR 27 (citing AR 515 (finding Plaintiff was alert, cooperative, had appropriate appearance, exhibited normal speech and appropriate eye contact, judgment, insight and thought processes were within normal limits, and intact memory.)).[1] However, the normal mental status examination findings highlighted by the ALJ do not provide a complete picture of Plaintiff's presentation. During the same visit in

---

[1] Defendant argues numerous other treatment notes demonstrate Plaintiff presented with mostly normal findings. Dkt. 16 at 4-6 (citing AR 379, 383–84, 386–87, 395–96, 531-35, 540-41, 545-46, 549-51). However, such arguments will not be considered, as the Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

February 2015, Plaintiff reported low motivation, isolating himself, anhedonia, sleep disturbances, varying appetite, depressed mood, concentration/memory issues, and frequent nightmares with Dr. Knapp diagnosing Plaintiff with major depressive disorder and PTSD. AR 516. Plaintiff's counselor recommended individual treatment services, medication management, and a psychiatric evaluation. AR 517. Moreover, approximately two weeks later, on March 5, 2015, Plaintiff presented as anxious and "Depressed scale[]9", and on March 19, 2015, Plaintiff presented as "Depressed scale 8".[2] AR 518, 521. Therefore, while Plaintiff did not demonstrate deficits in memory, judgment, or insight on the February 2015 examination, the ALJ's selective reliance on this finding is not a sufficient basis for undermining Dr. Knapp's opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (citation omitted) ("it is error for an ALJ to pick out a few isolated instances of [mental health] improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."); *Reddick*, 157 F.3d at 722-23 (an ALJ must not "cherry-pick" certain observations without considering their context).

In addition, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey,* 849 F.2d at 421. Here, "[the ALJ] merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any specific medical opinions and findings he rejects. This approach is inadequate." *Id.* at 422. For example, it is unclear how Plaintiff arriving for his appointment in appropriate dress

---

[2] The scale of Plaintiff's depression ranking is not clear from the treatment notes.

with good eye contact, intact memory, and his judgment and insight within normal limits is inconsistent with Dr. Knapp's opinion which provided Plaintiff would have severe limitations in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary allowances without special supervision; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. *See* AR 27, 336.

The ALJ also cited to Dr. Knapp's purported reliance on incorrect information regarding Plaintiff's childhood trauma. AR 27. The ALJ reasoned, "[t]he information that Dr. Knapp relied upon may have been incorrect with the claimant reporting childhood trauma at the time of the evaluation [with Dr. Knapp] but reporting no memory of any trauma at the time of treatment [with Dr. Steven Haney, M.D.]." AR 27 (citing AR 335, 398).

A medical expert's reliance on discounted, inaccurate, or otherwise incorrect information is a specific and legitimate reason for discounting a medical opinion. *C.f. Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (noting it was proper to discount the opinion of a treating physician when it was premised to a large extent upon the claimant's subjective complaints, which the ALJ had properly discounted); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

In his clinical findings, Dr. Knapp noted Plaintiff "has nightmares, intrusive recollections and flashbacks of childhood trauma that have interfered and prevented social interaction since his late teens. They further cause intense anxiety and interfere with his concentration." AR 335. Elsewhere in the evaluation Dr. Knapp reported: "Of [Plaintiff's] childhood, he says '[t]here was a lot of bad stuff that happened. I don't like to talk about it.' " AR 334. Dr. Knapp also stated Plaintiff reported "school was rough, but he got through it though he says he does not remember

1 much." AR 334. In an evaluation with Dr. Haney in April 2015, Plaintiff reported problems with
2 nightmares, but noted Plaintiff could not articulate any particular trauma in the past. AR 398.
3       Here, the record does not support the finding Dr. Knapp relied upon information which
4 was materially inconsistent with statements elsewhere in the record. Neither Dr. Knapp nor Dr.
5 Haney detailed what Plaintiff's traumatic experiences were. Rather, the record reflects Plaintiff
6 does not like to discuss traumatic events from his past, does not remember such events, or at the
7 time of Dr. Haney's evaluation, was unable to articulate any traumatic events. *See* AR 334, 335.
8 Therefore, this was not a valid reason supported by substantial evidence to reject his opinion.
9       After considering the record and the ALJ's findings, the Court concludes the record does
10 not support the ALJ's finding Dr. Knapp's opinions were inconsistent with the overall record.
11 Therefore, the ALJ has failed to provide a specific and legitimate reason, supported by
12 substantial evidence, for giving little weight to Dr. Knapp's opinions. Accordingly, the ALJ
13 erred.
14       2. *Change in allegations*
15       Second, the ALJ reasoned Plaintiff's "allegations dramatically changed, particularly in
16 the context of an evaluation for state related benefits and mental treatment after such evaluation."
17 AR 27. The ALJ cites to Dr. Knapp's evaluation, AR 332-337, and a treatment note from
18 February 2015, AR 362, wherein Plaintiff reported depression, isolation, nightmares/sleep issues,
19 avoidance/isolation, and other issues. AR 27. However, these treatment notes do not show
20 Plaintiff's allegations "dramatically changed." *See* AR 27. Rather, treatment notes preceding this
21 time period from January 2015 show Plaintiff was treated for his carpal tunnel syndrome, not his
22 mental impairments. *See e.g.* AR 313-318, 323-327. Moreover, in 2008, Plaintiff reported being
23 depressed and anxious for the past year. AR 343, 345-46. Dr. Washburn diagnosed Plaintiff with
24

anxiety disorder, panic disorder with agoraphobia, and polysubstance abuse in good remission. AR 342.

Thus, after considering the record and the ALJ's findings, and since Defendant provides no argument to the contrary, the Court concludes the record does not support the ALJ's finding Plaintiff dramatically changed his allegations. The ALJ also failed to show how any change in Plaintiff's allegations was inconsistent with Dr. Knapp's opinion. Therefore, the ALJ has failed to provide a specific and legitimate reason, supported by substantial evidence, for giving little weight to Dr. Knapp's opinions. Accordingly, the ALJ erred.

3. *Inconsistent with Plaintiff's work history and testimony*

The remaining reason provided by the ALJ, Plaintiff's work history and testimony undermines Dr. Knapp's opinions, *see* AR 27, is conclusory and fails to reach the level of specificity required to reject Dr. Knapp's opinion. The ALJ failed to provide his interpretation of the evidence and did not provide a detailed explanation as to why Dr. Knapp's opinion regarding Plaintiff's marked and severe limitations should be rejected. For example, the ALJ failed to identify any evidence in the record demonstrating how Plaintiff's work history and testimony undermines Dr. Knapp's opinions. He also failed to show how Plaintiff's work history and testimony were inconsistent with Dr. Knapp's opinion.

The conclusory statement rejecting Dr. Knapp's opinions do not reach the specificity necessary to justify rejecting his opinion Plaintiff was unable to maintain employment and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an

opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

    4. *Harmless error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (*quoting Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

    Had the ALJ properly considered all of Dr. Knapp's opined limitations, the ALJ may have found Plaintiff disabled or included additional limitations in the RFC. For example, Dr. Knapp found Plaintiff is severely limited in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary allowances without special supervision; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic

goals and plan independently. AR 336. These limitations were not accounted for in the RFC. *See* AR 24 (RFC limited Plaintiff to light work with occasional incidental contact with the public, working in proximity to but not in a cooperative effort with coworkers, and occasional interaction with supervisors and "[i]n order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, he can understand, remember, and carry out unskilled, routine, and repetitive work that can be learned by demonstration, and in which tasks are predetermined by the employer."). If Dr. Knapp's opinions as to Plaintiff's limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Therefore, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

B. <u>Drs. Staley and Robinson</u>

Plaintiff next maintains the ALJ failed to properly consider the opinions of Drs. Staley and Robinson. Dkt. 12 at 11-14. Defendant contends the ALJ did not err in relying on the opinions of Drs. Staley and Robinson. Dkt. 16 at 6-12.

The Court concludes the ALJ committed harmful error in assessing Dr. Knapp's opinions and this case must be remanded for further consideration of the medical evidence. *See* Section I.A., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ's consideration of the opinions of Drs. Staley and Robinson were erroneous. Rather, the Court finds the ALJ should re-evaluate all the medical opinion evidence, including the opinions of Drs. Staley and Robinson on remand.

**II. Whether the ALJ provided proper reasons for discounting the lay witness testimony**

Plaintiff contends the ALJ erred in evaluating lay witness testimony from Plaintiff's mother, Ms. Ezell. Dkt. 12 at 14-16. As previously stated, the Court concludes the ALJ

committed harmful error in assessing the medical evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of the lay witness testimony, on remand, the ALJ must reconsider the lay witness testimony.[3]

### III.    Whether the ALJ erred in evaluating the RFC and Step Five Finding

Plaintiff argues given the purported errors in the ALJ's analysis of the opinion evidence, the ALJ's step five finding was not supported by substantial evidence. Dkt. 12 at 16-17. The Court already has concluded the ALJ erred in reviewing the medical opinion evidence and this matter should be reversed and remanded for further consideration, *see supra*, section I. Therefore, the remainder of the sequential disability evaluation process, including the RFC and step five, will need to be assessed anew.

### CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.[4]

Dated this 16th day of April, 2018.

_____
David W. Christel
United States Magistrate Judge

---

[3] In the discussion of Ms. Ezell's testimony, the ALJ noted "mental examination findings did not support severe mental limitations." AR 29.

[4] Plaintiff's Opening Brief only argues the case should be remanded for further administrative proceedings and does not seek remand for an award of benefits. *See* Dkt. 12.